## Bast *v.* Platt, Appellant.

*Carriers—Common carriers—Conflict of laws—Pennsylvania and federal law.*

1. Where the consignor and consignee of a shipment by express are both residents of Pennsylvania, and the contract of shipment is made and is to be fully performed within the limits of this state, and the loss of the goods occurs in this state, the liability of the express company for damages is to be determined by the laws of Pennsylvania, and not by the laws of the United States.

*Carriers—Common carriers—Declaration as to value.*

2. In an action against an express company to recover for loss of a package of rings, a verdict for the full value of the rings will be sustained, although a limitation of liability to $50.00 appears in the receipt for the goods, where the evidence shows that the rings were sent by a firm of jewelers in Philadelphia for inspection to plaintiff's residence in a town in Pennsylvania; that the outside wrapper showed that the package came from jewelers and had been carried for the sum of twenty-five cents; that in returning them plaintiff used the same box with new wrapping paper and addressed it to the same jewelry firm; that she took the package to the defendant's agent, and showed him the original wrapping paper; that the agent asked her if she desired to fix the value of the package; that she replied that she did not, as no value had been fixed when it was sent to her, but that it was a valuable package; that the agent without further demand or inquiry received the package, accepted twenty-five cents from her, and gave her a receipt therefor, and that the package was subsequently lost through the negligence of the express company.

Argued Oct. 14, 1913. Appeal, No. 65, Oct. T., 1913, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1912, No. 4,110, on verdict for plaintiff in case of Amanda W. Bast to the use of the Hoover & Smith Company v. Edward T. Platt, as Treasurer of the United States Express Company, a Joint Stock Association, under the laws of the State of New York. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover the value of a package of rings. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented the following point:

1. In Pennsylvania a carrier of goods cannot contract with a shipper of goods in such a way as to limit its liability for its negligence. Affirmed. [1]

The points submitted by defendant's counsel were refused without reading.

The defendant's points were as follows:

1. Should the verdict of the jury be for the plaintiff, under all the evidence in this case, it cannot be for a sum greater than $50.00. [2]

2. Under all the evidence in this case the verdict must be for the defendant. [3]

Verdict and judgment for plaintiff for $1,373.91. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*James F. Campbell,* for appellant.—The real question here is not whether a carrier is liable for the full value of a shipment lost through its negligence, but whether it is liable for the full value when the shipper deliberately conceals the true value when asked in order to secure a reduced rate: Relf v. Rapp, 3 W. & S. 21; Caldwell v. United States Express Co., 36 Pa. Superior Ct. 465; Magnin v. Dinsmore, 62 N. Y. 35; Batson v. Donovan, 4 Barn. & Ald. 21; Adams Express Co. v. Croninger, 226 U. S. 491.

*Alfred N. Keim,* with him *Harry T. Stoddard,* for appellee.—The verdict of the jury was justified because the carrier had actual additional notice of the valuable contents of the package of jewelry for return shipment at Girardville by having received the identical package for shipment the day previous from the plaintiff jewelers at their place of business in Philadelphia at the same

rate (twenty-five cents) charged plaintiff on the return shipment. It was also earmarked with the printed business label of the plaintiff company: Howard v. American Express Co., 47 Pa. Superior Ct. 416; Caldwell v. Express Co., 36 Pa. Superior Ct. 465.

OPINION BY HEAD, J., February 20, 1914:

The defendant is a common carrier engaged in doing business in the state of Pennsylvania. The action is assumpsit to recover damages for an alleged negligent breach by the defendant of its contract or undertaking to safely carry the plaintiff's goods. The consignor and consignee of the shipment are both residents of Pennsylvania. The contract or obligation to carry arose in this state. It was to be fully performed within its limits. The alleged breach of the contract or duty occurred here. Under such circumstances, it appears to us to be plain that the rights of the plaintiff and the liability of the defendant, if any, must be determined according to the laws of the state of ·Pennsylvania. The congress of the United States has not undertaken to fix, by legislation, the rights of a plaintiff or the measure of the liability of a carrier under such circumstances. The recent legislation by the congress, known as the Carmack Amendment, affecting interstate carriers, and the decisions of the supreme court of the United States construing and applying that legislation, did not therefore change or affect the law of the state of Pennsylvania with relation to the contracts, obligations and liabilities of carriers in regard to shipments which are exclusively intrastate. In so far as the legislation and decisions of the supreme court of the United States have necessarily changed the law theretofore existing in Pennsylvania, they have been fully recognized and followed by this court.

We are not at liberty, however, to modify the existing law of the state of Pennsylvania as announced in a long unbroken line of decisions farther than we were com-

pelled so to do by the act of congress and the decisions of the supreme court of the United States construing it. If it be the logical result of that legislation and the decisions referred to that the declared public policy of the state of Pennsylvania, in cases wholly within its jurisdiction, should be modified, the duty to make that modification must rest with the tribunal which declared and promulgated the policy. Its decisions have always been and remain binding on this court except in so far as every court of every state is obliged to recognize the paramount authority of the acts of congress and the decisions of the supreme court of the United States construing them.

In the case before us it appears to be conceded that the law of the state of Pennsylvania, as declared in the decisions of its courts of last resort, must govern. Both parties agree in their printed briefs that the case is controlled, so far as this court is concerned, by Caldwell v. United States Express Company, 36 Pa. Superior Ct. 465.

We have in this record a sharp conflict of testimony as to what occurred at the time of the shipment between the plaintiff and the agent of the defendant. As the case was submitted by the learned trial judge to the jury, their verdict necessarily establishes, for the purposes of our review, the facts as they were testified to by the plaintiff. She says in brief, she had received a consignment of four valuable rings from a well-known jewelry firm in the city of Philadelphia. They had been carried and delivered to her by the defendant company. They were sent for her inspection, with the idea she would select and purchase one of them. On the outside wrapper of the package which she received, as it was prepared for shipment, there was evidence it had come from a firm of jewelers and had been carried to her for the sum of twenty-five cents. In returning the shipment she used the same box, packed the several articles in the same condition in which she had found them,

wrapped them securely with new wrapping paper, addressed them to the same jewelry firm, and sealed the string with which she bound the package. She declares that in order to prevent any mistake, she carried back to the agent the paper in which the box had been wrapped when it came, showing on its face that it had come from Hoover & Smith, Jewelers, and that the rate fixed in Philadelphia and paid was twenty-five cents. She exhibited this to the agent. He asked her if she desired to fix a value on the package. She replied that she did not, as no value had been fixed when it was sent to her, but that it was a valuable package. The agent, without further demand or inquiry, received the package, accepted her money, and gave her a receipt therefor. There is no denial but that the package was lost through the negligence of the defendant company or its servants.

As we read and understand the case of Caldwell v. United States Express Company, 36 Pa. Superior Ct. 465, the learned trial judge carefully and fairly submitted to the jury the question of fact that would necessarily arise under the circumstances referred to attending the shipment. It was clearly stated to the jury that if the plaintiff, in the manner in which she prepared her package; in a refusal to answer, if she did so refuse, proper demands made by the agent as to the contents; or otherwise had designedly or fraudulently misled the carrier into believing the package to be of little value, she could not recover more than the $50.00 stipulated for in the receipt. If, on the other hand, it was found that the package was so wrapped and prepared as not to conceal its character or value; that it was made known to the agent it had been received from a jewelry firm and was being returned to that firm; if no demand was made that the plaintiff should declare the quality of its contents or the value thereof, but the agent merely inquired whether she desired to put a value on it or not, then she was not estopped, under the laws of the state of Pennsylvania,

from recovering the value of the package in case of its negligent loss.   This was a correct application, by the learned trial judge, of the principle of Caldwell v. United States Express Company, relied on by both parties.   Until the Supreme Court of this state has determined that a long line of its own cases, continuously followed by this court, must be no longer regarded as indicative of the law of Pennsylvania, because of the recent legislation by the Congress of the United States, we feel obliged to follow that doctrine.

There may be, because of what we have adverted to, some technical error in the affirmance of the plaintiff's first point, first assignment of error.   The point is drawn so broadly that it in no way distinguishes between interstate shipments, controlled by the act of congress, and intrastate shipments, concerning which the law of the state of Pennsylvania is still supreme, but under the facts of this case that technicality could in no way have harmed the defendant.   The assignments of error are overruled.

Judgment affirmed.